**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-7021-JFW(ASx)** | Date: October 2, 2025 |
| Title: | Ladelle Dewann Jackson -v- General Motors, LLC | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 19, 2025, Plaintiff Ladelle Dewann Jackson ("Plaintiff") filed a Complaint against Defendant General Motors LLC ("Defendant") in Los Angeles County Superior Court ("LASC"). On July 30, 2025, Defendant removed this action to this Court, alleging that this Court has jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). In this case, although Defendant alleges in its Notice of Removal that its "preliminary investigation into Plaintiff's allegations revealed a plausible basis for subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states" (Notice of Removal,

3:12-15), Defendant has failed to demonstrate in its Notice of Removal (or its Opposition to Plaintiff's Motion to Remand) that Plaintiff is a citizen of California or that the amount in controversy exceeds $75,000.  Indeed, Defendant failed to submit any evidentiary support whatsoever with its Notice of Removal (or its Opposition to Plaintiff's Motion to Remand).  Although Defendant did not remove on the basis of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312, Defendant should also address whether this Court has subject matter jurisdiction over this action on the basis of the MMWA.

      Accordingly, Defendant is ordered to show cause, in writing, on or before **October 8, 2025**, why diversity jurisdiction exists and why this action should not be remanded to LASC for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to this Order to Show Cause will result in the remanding of this action to LASC.

      IT IS SO ORDERED.