**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-7021-JFW(ASx)** | Date: October 2, 2025 |
| Title: | Ladelle Dewann Jackson -v- General Motors, LLC | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 8/29/25; Docket No. 23]**

On August 29, 2025, Plaintiff Ladelle Dewann Jackson ("Plaintiff") filed a Motion to Remand ("Motion"). On September 8, 2025, Defendant General Motors LLC ("Defendant") filed its Opposition. On September 15, 2025, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's September 29, 2025 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On March 19, 2025, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court ("LASC"), alleging causes of action for: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of the implied warranty of merchantability, California Civil Code §§ 1791.1 and 1794; and (5) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312. In the Complaint, Plaintiff alleges that on August 5, 2023, he purchased a 2023 Chevrolet Silverado 1500 (the "Subject Vehicle"), which was manufactured and/or distributed by Defendant. After buying the Subject Vehicle, Plaintiff alleges that it manifested defects covered by express written warranties provided by Defendant, including (but not limited to) electrical defects. According to Plaintiff, these defects substantially impaired the use, value, and/or safety of the Subject Vehicle. Plaintiff also alleges that he delivered the Subject Vehicle to Defendant's authorized service and repair facilities, but Defendant has failed to repair or replace the Subject Vehicle or provide Plaintiff with restitution.

On March 24, 2025, Plaintiff personally served a copy of the Summons and Complaint on Defendant. On May 6, 2025, Defendant filed its Answer. On July 30, 2025, Defendant removed this action, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity.

## II.     Legal Standard

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Generally, removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

To remove a case to federal court, the defendant must timely file a notice of removal. 28 U.S.C. § 1446(a)–( c). The notice of removal must be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(1); or (2) "if the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) ; see also Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692–93, 695 (9th Cir. 2005).

The latter thirty-day period for removal begins when an amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain." Dietrich v. Boeing Co., 14 F.4th 1089, 1095 (9th Cir. 2021). Although "other paper" is not defined by the statute, the Ninth Circuit has interpreted this term broadly. Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1126 (9th Cir. 2013) (holding that the plaintiffs "need only provide to the defendant a document from which removability may be ascertained . . . [to] trigger the thirty-day removal period"). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in § 1332(a)," an "other paper" under subsection (b)(3) may derive from "information relating to the amount in controversy in the record of the State proceedings or in responses to discovery." 28 U.S.C. § 1446(c)(3)(A).

A notice of removal is "defect[ive]" under § 1447(c) if a party "fail[s] to comply with the time limit provided in § 1446(b) for filing a petition for removal in state court." Kamm v. ITEX Corp., 568 F.3d 752, 755 (9th Cir. 2009). Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004)); see also Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper").

## III.     Discussion

In her Motion, Plaintiff argues that Defendant's removal was untimely and, as a result, Defendant waived its right to remove by failing to file a notice of removal within thirty days of being

served with the Complaint.[1]  Plaintiff argues that the Complaint includes a claim for violation of the MMWA, a federal cause of action, and, as a result, it was clear from the face of the Complaint that the action was removable.  Plaintiff also argues that, with respect to diversity jurisdiction, the amount in controversy is ascertainable from the face of the Complaint.  In its Opposition, Defendant argues that it is not clear on the face of the Complaint that either federal question or diversity jurisdiction existed and, as a result, Defendant's deadline to remove was not triggered by Defendant's receipt of the Complaint.

In this case, despite Plaintiff's argument to the contrary, the Court concludes that it is not clear from the face of the Complaint that this action was removable.  In its Notice of Removal, Defendant alleges that it removed this action once its independent investigation revealed that the amount in controversy was in excess of $75,000.  Plaintiff argues that given Defendant's sophistication and knowledge of the motor vehicle industry, Defendant could have estimated the amount in controversy by estimating the value of the Subject Vehicle based on the make, model, year, and VIN alleged in the Complaint.  However, the Ninth Circuit has held that the first thirty-day removal period is triggered only where the initial pleading contains the facts giving rise to removability, without reference to any information or knowledge in the possession of the defendant. *See, e.g., Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005).  In *Harris*, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris,* 425 F.3d at 694.  The Ninth Circuit explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  *Harris*, 425 F.3d at 697.  In *Kuxhausen*, the Ninth Circuit reiterated that "defendants need not make extrapolations or engage in guesswork" to determine whether the amount in controversy requirement is satisfied.  *Kuxhausen*, 707 F.3d at 1140.  In addition, district courts in this circuit have applied *Kuxhausen* and *Harris* to deny motions to remand that are substantially similar to the one brought by Plaintiff in this action.  *See, e.g., Alvarez-Munguia v. Ford Motor Company*, 2024 WL 69076 (N.D. Cal. Jan. 5, 2024) ("The Court finds that service of the summons and complaint did not trigger the first thirty-day removal period, because the complaint does not allege facts showing that the amount in controversy exceeds $75,000"); *Agasang v. Jaguar Land Rover N. Am., LLC*, 2023 WL 8234641, at *2 (C.D. Cal. Nov. 27, 2023) ("Defendant's subjective knowledge about the value of the Vehicle is irrelevant, nor was it required to investigate whether the damages

---

[1]  In her Motion, Plaintiff does not dispute that this Court has subject matter jurisdiction pursuant to both diversity and federal question jurisdiction.  In her Reply, Plaintiff argues for the first time that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  Although "[c]ourts decline to consider arguments that are raised for the first time in reply" (*FT Travel– New York, LLC v. Your Travel Center, Inc.*, 112 F.Supp. 3d 1063 (C.D. Cal. June 26, 2015)), the lack of subject matter jurisdiction may be raised at any time by either the parties or the court.  Fed. R. Civ. P. 12(h)(3).  As a result, although the Court concludes that Defendant's Notice of Removal was not untimely because this action was not removable based on the face of the Complaint, the Court will issue a separate Order to Show Cause Re: Remand to assure itself that it has subject matter jurisdiction over this action.

sought exceeded the amount-in-controversy requirement under § 1332"); *Alcazar v. Nissan N. Am., Inc.*, 2023 WL 4706167, at *2 (N.D. Cal. July 24, 2023) ("Alcazar argues that Nissan's 'sophistication and knowledge of the motor vehicle industry' should have put it on notice that the amount-in-controversy requirement was met, . . . but removability is determined from the pleadings and not the defendant's subjective knowledge, see Harris, 425 F.3d at 694"); *Moran v. Ford Motor Co.*, 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) (concluding that "while Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so" and "[t]he fact that Defendant could have made a further inquiry to estimate the subject vehicle's purchase price is insufficient to trigger the thirty-day clock") (internal quotation marks and citation omitted). As a result, the Court concludes that Defendant's removal of this action is not untimely because Defendant filed its Notice of Removal more than thirty days after Defendant received the Complaint.

Similarly, the Court concludes that it is not clear from the face of the Complaint that this action was removable on the basis of federal question jurisdiction. Although "the Magnuson-Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty" (*Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005)), a claim cannot be brought in federal court under the MMWA "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3). However, for the reasons discussed above, the Court concludes that the amount in controversy is not clear from the face of the Complaint, and, as a result, Defendant's removal was not untimely because Defendant filed its Notice of Removal more than thirty days after Defendant received the Complaint.

### IV.    Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.